[L. A. No. 7975. In Bank.—November 30, 1925.]

CITY OF LONG BEACH (a Municipal Corporation), Respondent, v. R. PAULI et al., Defendants; PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Appellants.

[1] EMINENT DOMAIN—POWER OF LONG BEACH—OPENING OF STREET ACROSS RAILWAY RIGHT OF WAY—PUBLIC UTILITIES ACT.—Under the provisions of the charter of the City of Long Beach, the power to maintain a condemnation proceeding, under the provisions of the Street Opening Act of 1903, to open and extend one of the avenues within said municipality across the private right of way of an electric railway company and to acquire such interest in the land as is necessary for that purpose, is vested in said municipality, and the provisions of the Public Utilities Act have no application.

---

1. Taking railroad lands for municipal purposes, notes, 2 L. R. A. (N. S.) 227; 41 L. R. A. (N. S.) 828. See, also, 10 Cal. Jur. 292; 19 Cal. Jur. 27.

[2] ID.—EXTENSION OF STREET ACROSS RAILROAD TRACKS—EXPENSE OF
STRUCTURAL CHANGES—COMPENSATION.—In this state a railroad
company is not entitled to compensation for structural changes
made necessary by the taking of an easement for the opening and
extension of a street across its tracks and right of way.

[3] APPEAL—NEW TRIAL.—By the amendment of 1915 to section 963
of the Code of Civil Procedure, appeals from orders denying a new
trial were abolished.

(1) 20 C. J., p. 536, n. 50.   (2) 20 C. J., p. 744, n. 23.   (3) 3
C. J., p. 505, n. 55.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank Karr, R. C. Gortner and C. W. Cornell for Appellants.

Bruce Mason, City Attorney, Geo. W. Trammell, Jr.,
Assistant Attorney, Fred F. White, Chief Deputy City
Attorney, and John Kl. Hull, Deputy City Attorney, for
Respondents.

Jess E. Stephens, City Attorney of the City of Los Angeles, and Robert J. Stahl, Deputy City Attorney, as
*Amici Curiae* in Support of Respondents.

WASTE, J.—The City of Long Beach brought an action,
under the provisions of the Street Opening Act of 1903
(Stats. 1903, p. 376), to open and extend Orizaba Avenue
across several parcels of land, one of them being the private right of way of the Pacific Electric Railway Company,
on which there are constructed and in use five main line and
spur tracks. The Pacific Electric Railway Company and
the trust companies holding its mortgages, after alleging
the value of the parcel of land sought to be condemned
and the amount of damage caused by the severance, set up
in their answer a claim to the cost of structural changes
which would be made necessary by the opening and extension of the street across the railway right of way. An

3.   See 2 Cal. Jur. 173; 20 Cal. Jur. 213.

agreement was reached at the trial as to the amount of damages to be awarded for the easement for street purposes, but the defendants were not permitted to show the damages the railway company would sustain by reason of the necessary structural changes. The findings and interlocutory judgment of the court were that the defendants were entitled only to the amount agreed upon for land values, and nothing was allowed for structural changes. The railway company and its mortgage holders, after motion for a new trial made and denied, have appealed.

[1] In their amended answer, the appealing defendants interposed a plea to the jurisdiction of the superior court, on the ground that the sole and exclusive jurisdiction of the subject matter of the action is vested in the state Railroad Commission, under the provisions of the Public Utilities Act, and that the action could not be prosecuted until after the permission of the commission to open the street had been obtained. The objection was withdrawn by them at the inception of the trial in the court below; but, at the time of the oral argument, the suggestion was made by some of the members of the court that, if the question of jurisdiction were actually involved, the withdrawal of the plea was aside the issue, for the reason that jurisdiction cannot be conferred by consent of the parties. We are satisfied, however, that, under the provisions of the charter of the City of Long Beach, the power to open the street across the defendants' railroad and to acquire such interest in the land as was necessary for that purpose was vested in the municipality, and the provisions of the Public Utilities Act have no application to this case. (Charter of the City of Long Beach, art. IV, secs. 2, 12, and 13 [Stats. 1921, p. 2057]; *City of Los Angeles* v. *Central Trust Co.,* 173 Cal. 323, 326 [159 Pac. 1169]. See, also, *Civic Center Assn.* v. *Railroad Com.,* 175 Cal. 441 [166 Pac. 351].) The objection to the jurisdiction of the superior court was not well taken.

[2] The real issue of this appeal is presented by the contention of the appellants that the trial court erred in its refusal to allow any damages in the way of compensation for the structural changes which will be made necessary by the opening and extension of the street. This question was considered in connection with the appeal in *City of Oakland* v. *Mary S. Schenck, ante,* p. 456 [241 Pac. 545],

argued and submitted with the appeal in this case. In the decision in that case, this day handed down, we hold that in this state a railroad company is not entitled to compensation for structural changes made necessary by the taking of an easement for the opening and extension of a street across its tracks and right of way.

[3]    By the amendment of 1915 to section 963 of the Code of Civil Procedure, appeals from orders denying a new trial were abolished. (2 Cal. Jur., p. 173, sec. 34.) The appeal from the order in this case is dismissed.

The judgment is affirmed.

Shenk, J., Lawlor, J., Seawell, J., Richards, J., and Myers, C. J., concurred.

Rehearing denied.